McCarthy v New York Kitchen & Bathroom Corp. (2019 NY Slip Op 08506)





McCarthy v New York Kitchen & Bathroom Corp.


2019 NY Slip Op 08506


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10423 651959/11 590445/12

[*1] Jason McCarthy, et al., Plaintiffs-Appellants,
v
New York Kitchen & Bathroom Corp., Defendant-Respondent. [And a Third-Party Action.]


Kishner Miller Himes P.C., New York (Scott Himes of counsel), for appellants.
The Edelsteins, Faegenburg & Brown, LLP, New York (Paul J. Edelstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered August 30, 2018, upon a jury verdict in favor of defendant New York Kitchen & Bathroom Corp. (NYKB), unanimously affirmed, without costs.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see generally Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). Plaintiffs' argument that the verdict was flawed because plaintiffs were not awarded damages despite the jury's finding that NYKB breached the contract with them, is unavailing. The jury rationally concluded that NYKB's performance was excused because plaintiffs prevented the completion of the work. Plaintiffs and NYKB's principal testified that the job was delayed in part by the constant increases in the scope of work requested by plaintiffs and delays in obtaining permits and awaiting inspections by the City. Plaintiffs' expert acknowledged that these factors could cause a delay in completion of a job. There was also testimony that due to the change in building management, approval for the work and the necessary permits could not be obtained until about eight months after the contract was executed. Plaintiff Jason McCarthy also testified that he shut down the job for two weeks due to the birth of the couple's child. Despite these delays, plaintiffs were still willing to have NYKB complete the job as recently as two weeks before they terminated the contracts.
Furthermore, the jury's finding that NYKB was not liable under the FCC contracts was rational and supported by the evidence that plaintiffs knew that third-party defendant Catanzarite was acting independently and outside the scope of his employment with NYKB (see Kirschner v KPMG LLP, 15 NY3d 446, 468 [2010]). The evidence included the differences between the NYKB and FCC contracts; the separate payments made to NYKB and Catanzarite; emails to plaintiffs from their project manager concerning Catanzarite's conflict of interest and not wanting to work until the "coast [was] clear"; and NYKB's principal's testimony that he was not aware that Catanzarite was working on the side for plaintiffs. The jury rationally inferred from this evidence that plaintiffs were aware that Catanzarite was not acting on behalf of NYKB, and that NYKB was not responsible for the work required under the FCC contracts. Catanzarite's [*2]status as an officer of NYKB was not relevant to his execution of the FCC contracts, which were on the letterhead of his own company, FCC.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK